UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL SANABRIA and CINDY HALL,

    Plaintiffs,

CASE NO.

vs.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

The Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), by and through the undersigned counsel, hereby files this Notice of Removal of the above-styled cause pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446 from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in which this action is pending, to the United States District Court, Middle District of Florida, Tampa Division, and in support of the removal would show the Court the following:

1. This is an action brought by Plaintiffs against Defendant for an alleged breach of contract arising out of claimed damage to the Plaintiffs' Property located at 2427 N. Ramona Circle, Tampa, Florida 33612.

2. Removal is appropriate under 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. The Plaintiffs' Complaint, together with additional record evidence, establishes that this Court has subject matter jurisdiction over this matter.

4. The Plaintiffs filed this action in State Court as Case No. 2019-CA-2571 with the Thirteenth Judicial Circuit Court of Hillsborough County, Florida on March 11, 2019. *See Complaint attached hereto as Exhibit "A."*

5. Defendant was served with the Complaint on March 13, 2019.

6. Plaintiffs, at all times material hereto, are/were citizens of Florida, and resided in and/or were domiciled in Hillsborough County, Florida. *See Exhibit "A," Complaint ¶ 3*. This lawsuit arises out of alleged damage to Plaintiff's property located at 2427 N. Ramona Circle, Tamp, Florida 33612-8413. *See id. ¶ 5.*

7. The Insureds, Joel Sanabria and Cindy Hall, at all times material hereto are/were citizens of Florida, and resided in and/or were domiciled in Hillsborough County, Florida. *See id. ¶ 3; See also Official Records, Marriage Record, Florida Division of Elections records, and Property Appraiser records attached hereto as composite Exhibit "B."*

8. At the commencement of this action, at the time of the filing of this Notice of Removal, and at all times relevant hereto, Defendant, GeoVera is/was a California corporation with its principal place of business located in Fairfield, California.

9. The Plaintiffs' Complaint does not allege a specific amount in controversy, and stated only that "[t]his is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of prejudgment interest, attorneys' fees, and costs." *See id. ¶ 1*.

10. However, based on information received from the Plaintiffs' counsel on April 20, 2020, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and thus, satisfies the jurisdictional requirements for diversity removal. Specifically, on April 20, 2020, Plaintiffs provided GeoVera, through their attorney, a settlement demand for $120,000.00 in damages the Plaintiffs claim in this lawsuit, that includes damages under Coverage A of the Policy;

additional living expenses; attorneys' fees and costs; consequential damages; and interest. *See Affidavit in Support of Removal, attached hereto as Exhibit "C," and corresponding exhibits.*

11. Defendant seeks removal within 30 days of receiving Plaintiffs' April 20, 2020 settlement demand for the cost of replacement and repair of aspects of the plumbing system on the subject property.

12. While a case may not be removed the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action, 28 U.S.C. §1446(c)(1) provides an exception where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

13. Here, the one-year removal period expired on March 11, 2020. However, as set forth in more detail below, the Plaintiffs acted in bad faith by withholding the total amount at controversy in this action until after the one-year removal period expired, in an apparent attempt to prevent Defendant from removing this action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(c)(1).

14. At the commencement of this action, the Plaintiffs vaguely asserted in their Complaint filed on March 11, 2019 that "[t]his is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of prejudgment interest, attorneys' fees, and costs." *See Exhibit "A," Complaint* ¶ 1.

15. Just 18 days after this action was commenced, on March 29, 2019, counsel for Defendant requested a demand from Plaintiffs' counsel in an effort to more specifically establish their claimed damages: "In reviewing the claim file I did not see a pre-suit demand or PA estimate. If you could please provide me with a settlement demand, I will pass it along to GeoVera." *See Affidavit in Support of Removal, attached hereto as Exhibit "C," and corresponding exhibits.*

16. Plaintiffs' counsel did not respond to Defendant's March 29, 2019 request.

17. Accordingly, in an effort to further diligently discover the Plaintiffs' claimed damages in this lawsuit, Defendant served its First Requests for Admission; First Request for Documents; and First Set of Interrogatories to Plaintiffs on April 8, 2019. *See id.*

18. Defendant's April 8, 2019 Requests for Admission expressly asked the following:

> RFA No. 19: Admit that you are seeking more than $75,0000.00 in total combined damages, exclusive of interests and costs.
>
> RFA No. 20: Admit that you are seeking more than $75,000.00 in total combined damages, including interests and costs.
>
> RFA No. 21: Admit that you intend to ask a jury to award more than $75,000.00 in total combined damages, exclusive of interest and costs.
>
> RFA No. 23: Admit that the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.
>
> RFA No. 24: Admit that the amount in controversy in this matter, including interest and costs, exceeds $75,000.00.

*See id.*

19. Defendant's April 8, 2019 Document Requests asked for documents regarding the Plaintiffs' claimed damages, including but not limited to estimates to repair the alleged damage to the Plaintiffs' Property, and all documents or things supporting their claim for damages in this lawsuit. *See id.*

20. Defendant's April 8, 2019 Interrogatories also asked the Plaintiffs to list and identify all of their claimed damages in this lawsuit:

> Interrogatory No. 10: List all damages you are claiming in this lawsuit. For each damage, please provide a detailed description of the damage, including the specific area of the property and/or dwelling in which the damage is located, when the Plaintiff first observed the damage, the difference, if any, in the condition or description of the damage from the date it was first noticed by the Plaintiff and the present, the cause of the damage and what steps, if any, the Plaintiff, or anyone on their behalf, took to address the damages.
>
> Interrogatory No. 12: Please identify any monies you are seeking to recover not identified above, including but not limited to claims for Personal Property, Loss of Use, or claims provided for under the Other Coverages section of the policy.

*See id.*

21.  On May 1, 2019, the Plaintiffs responded to Defendants' Requests for Admission as follows:

> Request No. 19: Admit that you are seeking more than $75,0000.00 in total combined damages, exclusive of interests and costs.
>
> **Answer: Deny.**
>
> Request No. 20: Admit that you are seeking more than $75,000.00 in total combined damages, including interests and costs.
>
> **Answer: Deny.**
>
> Request No. 21: Admit that you intend to ask a jury to award more than $75,000.00 in total combined damages, exclusive of interest and costs.
>
> **Answer: Deny.**
>
> Request No. 23: Admit that the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.
>
> **Answer: Deny.**
>
> Request No. 24: Admit that the amount in controversy in this matter, including interest and costs, exceeds $75,000.00.
>
> **Answer: Deny.**

Based on the Plaintiffs' Answers to Defendants' Requests for Admission, as of May 1, 2019, GeoVera reasonably believed that Plaintiffs were expressly not seeking more than $75,000.00 in damages in this matter.  *See id.*

22.  On June 28, 2019, Plaintiffs produced documents responsive to Defendant's Requests for Production, including a March 26, 2018 Xactimate estimate from Advanced Pace Technologies ("APT"), in the amount of $56,060.95 to repair the Plaintiffs' claimed damages, and a March 30, 2018 estimate for H2O Plumbing Solutions ("H2O") in the amount of $5,340.00.  *See id.*  The Plaintiffs' claimed estimates totaled $61,400.95.  The Plaintiffs' document production also included an executed Proposal from APT for Construction Services based on the March 26, 2018

Xactimate estimate and Plumbing Report, in the amount of $61,400.95. *See id.* Accordingly, based on the Plaintiffs' document production, their claimed damages amounted to $61,400.95, as of June 28, 2019. *See id.*

23. Then, on July 19, 2019, the Plaintiffs served Unverified Answers to Defendant's Interrogatories, identifying their claimed damages as follows:

> Interrogatory No. 10: List all damages you are claiming in this lawsuit. For each damage, please provide a detailed description of the damage, including the specific area of the property and/or dwelling in which the damage is located, when the Plaintiff first observed the damage, the difference, if any, in the condition or description of the damage from the date it was first noticed by the Plaintiff and the present, the cause of the damage and what steps, if any, the Plaintiff, or anyone on their behalf, took to address the damages.
>
> **Answer: See response to no. 9[1]. The cause of the damage is a failed plumbing system. The damage is on-going. I do not know when it was first observed. We have made temporary repairs.**
>
> Interrogatory No. 12: Please identify any monies you are seeking to recover not identified above, including but not limited to claims for Personal Property, Loss of Use, or claims provided for under the Other Coverages section of the policy.
>
> **Answer: See APT report. At this time, no claims are being made for personal property. Additional living expenses and consequential damages are as of yet either ongoing or undetermined.**

Accordingly, based on the Plaintiffs' unverified Interrogatory Answers, which refer to the APT and H2O reports, the Plaintiffs' claimed damages totaled $61,400.95. *See id.* The Plaintiffs were therefore not seeking more than $75,000.00 in damages in this matter as of July 19, 2019. *See id.*

24. On February 24, 2020, Plaintiffs served Verified Answers to Defendant's Interrogatories, describing their claimed damages as follows:

> Interrogatory No. 10: List all damages you are claiming in this lawsuit. For each damage, please provide a detailed description of the damage, including the specific area of the property and/or dwelling in which the damage is located,

---

[1] Plaintiffs' Unverified Answer to Interrogatory No. 9 states, in relevant part: "See attached APT report and the H2O report contained therein."

6

when the Plaintiff first observed the damage, the difference, if any, in the condition or description of the damage from the date it was first noticed by the Plaintiff and the present, the cause of the damage and what steps, if any, the Plaintiff, or anyone on their behalf, took to address the damages.

**Answer: See response to no. 9[2]. We are not contractors or plumbers, however, we are seeking benefits to repair the water damage at our home and to tear out and replace the portions of the property to access the failed plumbing system for repairs. The damage is on-going. We do not know when it was first observed. We have made temporary repairs to the floor in the kitchen.**

Interrogatory No. 12: Please identify any monies you are seeking to recover not identified above, including but not limited to claims for Personal Property, Loss of Use, or claims provided for under the Other Coverages section of the policy.

**Answer: We do not have any specialized training in construction or plumbing and we are relying on experts to identify all of the damage at our property that is the subject of this claim, as well as any plumbing issues and breaches in the drain plumbing system. See APT report. There may also be other areas of damage hidden or not yet discovered. At this time, no claims are being made for personal property. Additional living expenses and consequential damages are as of yet either ongoing or undetermined.**

Accordingly, based on the Plaintiffs' unverified Interrogatory Answers, which refer to the APT and H2O reports, the Plaintiffs' claimed damages totaled $61,400.95. *See id.* The Plaintiffs were therefore not seeking more than $75,000.00 in damages in this matter as of February 24, 2020. *See id.*

25. Then, on April 20, 2020 - less than one month after serving their Verified Interrogatory Answers, and just 40 days after the one-year removal period pursuant to 28 U.S.C. §1446(c)(1) expired on March 11, 2020 - Plaintiffs' counsel sent a settlement demand to Defendant's counsel in the amount of **$120,000.00.** *See id.*

---

[2] Plaintiffs' Verified Answer to Interrogatory No. 9 states, in relevant part: "See attached APT report and the H2O report contained therein."

26. Under 28 U.S.C. § 1446(c), "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

27. "In 2011, Congress amended 28 U.S.C. § 1446(c) to allow for a bad faith exception to the one year limitation on diversity removal, recognizing that without such an exception plaintiffs could intentionally avoid removal of an otherwise removable case." *Hill v. Allianz Life Ins. Co.*, 51 F. Supp. 3d 1277, 1281 (M.D. Fla. 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) (stating that, prior to the 2011 amendment, Congress "recognized and accepted that, in some circumstances, plaintiff[s] can and will intentionally avoid federal jurisdiction."). "[T]he plaintiff's claims are in bad faith if, by [his] actions, [he] attempted to disguise the existence of the removability of the case until the one-year limitation had run." *Id.*

28. In *Hill*, the Plaintiff asserted in the Complaint that "[t]his is an action for damages greater than $15,000.00 but less than $75,000.00." *Id.* at 1282. The court noted that this was "an affirmative representation that federal jurisdiction did not exist" and that the "Defendant was entitled to rely on Plaintiff's assessment of his claim." *Id.* Furthermore, "Defendant was under no affirmative duty to seek out evidence that would prove Plaintiff was undervaluing his claim before the one year period ran." *Id.* (citations omitted). The Plaintiff then waited until just over three months after the one year removal window had run before moving to amend his Complaint so that it "no longer restricts the amount of damages" to under $75,000, offering no rationale or additional information for the change in amount of damages sought. *Id.* According to the court, "[t]he 2011 amendments to § 1446 were intended to stop just this sort of gamesmanship and forum shopping." *Id.* The court therefore concluded that the Defendant's removal was proper. *Id.*

29. Similarly, in *Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309 (N.D. Ga. 2013), a case relied on by the *Hill* court, the Plaintiff affirmatively alleged in her Complaint filed on November 9, 2011 that the amount at issue was less than $50,000. *Id.* at 1310. Then, on November 13, 2012, Plaintiff's counsel send the Defendants a time-limited demand seeking to settle the case for $575,000. *Id.* at 1311. The Defendants then removed the action based on diversity jurisdiction. *Id.* In concluding that the Plaintiff acted in bad faith in preventing the Defendants from removing the case, and that the Defendants' removal was proper despite the one-year time limitation in § 1446(c)(1), the court noted that the Plaintiff specifically pled that the case was not removable; the Plaintiff failed to amend her complaint, allowing Defendants to rely on her representation that she was not seeking more than $50,000 in damages; and the Plaintiff sent a time-limited demand one year and four days after the commencement of the suit. *Id.*

30. Similar to *Hill* and *Cameron*, here, the Plaintiffs expressly limited their claimed damages to less than $75,000.00 through their Answers to Defendant's Requests for Admission, Interrogatories and Document Requests, until after the one-year removal period expired, when they sent a settlement demand for $120,000.00 to Defendant on April 20, 2020. In fact, the Plaintiffs' Verified Interrogatories dated February 24, 2020 – just 16 days before the one-year removal period expired – failed to include any reference to new or additional damages beyond the previously produced APT and H2O reports, which amounted to a total of $61,400.95. Yet, just two months later, the Plaintiffs' claimed damages suddenly doubled to $120,000.00 when they sent their settlement demand to Defendant. *See Affidavit in Support of Removal, attached hereto as Exhibit "C," and corresponding exhibits*.

31. Finally, although Plaintiffs' demand is not itemized, pursuant to §626.9373, Florida Statutes, attorney's fees are properly included in the amount in controversy. *See Morrison*

9

*v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison*, 228 F.3d at 1265. And "those fees"—the fees recoverable by statute—include fees through the end of the litigation. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

32. The Plaintiffs' gamesmanship with respect to the timing of their disclosure of their claimed damages is exactly the type of bad faith the 2011 amendment to §1446 was intended to stop. Removal of this action is therefore proper despite the one-year time limitation of §1446(c).

33. For the reasons set forth herein, GeoVera has demonstrated that the amount in controversy exceeds the jurisdictional threshold and that, but for Plaintiffs' dilatory and unscrupulous tactics, the true amount in controversy would have been known prior to the expiration of the §1446(c) one-year time limitation.

34. A copy of this Notice will be timely filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

35. The Defendant files with this Notice, true and correct copies of all pleadings filed in the above-captioned State action.

36. Written notice of the filing of this Notice of Removal on this date has been given to the Plaintiffs, Joel Sanabria and Cindy Hall, through Plaintiffs' attorney of record, Andrick Bernard Lewis, The Nation Law Firm, LLP, 570 Crown Oak Centre Drive, Longwood, FL 32750 and via aritchie@nationlaw.com and alewis@nationlaw.com

37. The undersigned certifies that the Defendant, GeoVera, has consented to the removal of this action from the Thirteenth Judicial Circuit Court of Hillsborough County, Florida to the United States District Court, Middle District, Tampa Division.

38. The undersigned counsel is authorized by GeoVera to file this Notice of Removal, is licensed in the State of Florida, and is a member in good standing of the Bar of this Court.

WHEREFORE, GEOVERA SPECIALTY INSURANCE COMPANY, respectfully requests this Court remove this Hillsborough County action to this Court pursuant to the provisions of 28 U.S.C. §1441.

Respectfully submitted this 28th day of April, 2020.

*SPACE LEFT INTENTIONALLY BLANK*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 28, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Andrick Bernard Lewis, Esquire
Florida Bar No. 109165
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Telephone: (407) 339-1104
Facsimile: (407) 339-1118
Primary Email: aritchie@nationlaw.com
Secondary Email: alewis@nationlaw.com
*Attorney for Plaintiffs*

GORDON REES SCULLY MANSUKHANI

*s/Kristina L. Marsh*
Kristina L. Marsh, Esquire
Florida Bar No.: 0311080
Primary: kmarsh@grsm.com
Secondary: tflynn@grsm.com
Secondary: kwarrington@grsm.com
601 S. Harbour Island Blvd., Suite 109
Tampa, FL 33602
Telephone (Main): 813-444-9700
Telephone (Direct): 813-523-4937
Facsimile: 813-377-3505
*Counsel for Defendant, GeoVera Specialty Insurance Company*